UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                              Plaintiff,

        v.

MICHAEL RIZK, et al.,

                              Defendants.

CASE NO. C19-0813-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff, proceeding pro se and *in forma pauperis* (IFP), submitted a proposed 42 U.S.C. § 1983 civil rights complaint.  (Dkt. 5.)  Plaintiff is a pretrial detainee at the Snohomish County Jail.  He names jail deputies Michael Rizk and Robin Otto as defendants and alleges violation of his constitutional rights through the deprivation of a shower on two occasions.

The Court screens complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a).  The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Now, having reviewing the proposed complaint,

REPORT AND RECOMMENDATION
PAGE - 1

the Court recommends this matter be DISMISSED.

DISCUSSION

To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff states that, on March 27, 2019 and April 10, 2019, he was scheduled for one of three weekly indoor recreation times, during which he may take a shower. He alleges deprivation of sufficient hygiene and punishment without due process of law when defendants denied him the opportunity to take a shower on those dates. He explains that, on each occasion, defendants denied him a shower after he refused to change from clothing he purchased from the jail commissary into jail-issued clothing prior to a cell search. He claims irreparable injury and requests declaratory and injunctive relief, and two million dollars in compensatory and punitive damages from each named defendant.

As a pretrial detainee, plaintiff has the right to be free from punishment under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192

REPORT AND RECOMMENDATION
PAGE - 2

1  L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016),

2  *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1]  A pretrial detainee must demonstrate a

3  defendant's acts or omissions were objectively unreasonable, and identify objective facts

4  indicating the "challenged governmental action is not rationally related to a legitimate

5  governmental objective or that it is excessive in relation to that [objective]."  *Kingsley*, 135 S. Ct.

6  at 2473-74.

7      An institution must provide prisoners and pretrial detainees "adequate food, clothing,

8  shelter, sanitation, medical care, and personal safety."  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th

9  Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on*

10  *other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008).  However, while a severe

11  or prolonged lack of sanitation could amount to a constitutional violation, *see Anderson v. County*

12  *of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995), not every deprivation or

13  poor condition of confinement rises to that level.  Courts have, for example, found a denial of

14  twenty-one days of exercise and inadequate food, sanitation, and care does not necessarily violate

15  the constitution.  *See May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997).  There is no

16  constitutional right to a certain number of showers per week and an occasional or temporary

17  deprivation of a shower does not rise to the level of a constitutional violation.  *See, e.g., Gonzales*

18

19      [1] Previously, "all conditions of confinement claims, including claims for inadequate medical care,

20  were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner
under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment."  *Gordon*, 888 F.3d at

21  1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)).  Although
the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial

22  detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and to
excessive force claims, the decision in *Gordon* strongly suggests it will do so.  *See Gordon*, 888 F.3d at

23  1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective
deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

REPORT AND RECOMMENDATION
PAGE - 3

*v. Price*, No. 07-1391 2009 U.S. Dist. LEXIS 119280 at *15-16 (E.D. Cal. Dec. 2, 2009) ("Plaintiff alleges being denied showers approximately twenty-five days in a two year period, with apparently no such prohibition being imposed for longer than three days in a row. Such temporary restriction on showers simply does not rise to the level of unconstitutional conditions of confinement."); *Cox v. McDaniel*, No. 03-651, 2004 U.S. Dist. LEXIS 32924 at *15-16 (D. Nev. Feb. 25, 2004) ("A few days denial of yard time or showers does not rise to a constitutional violation.") *See generally Anderson*, 45 F.3d at 1315 (temporary sanitary limitations do not violate constitutional rights).

Plaintiff fails to state a claim for relief. There is no allegation or evidence of a prolonged deprivation that could support a conditions of confinement claim. Plaintiff's challenge to two instances in which he was denied one of three weekly showers does not suffice to state a claim.

There is, moreover, an absence of objective facts indicating the denial of showers lacked a rational relationship to a legitimate governmental objective or was excessive in relation to that objective. *Kingsley*, 135 S. Ct. at 2473-74. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell*, 441 U.S. at 546. *Accord Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) ("Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility.") Corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. In considering an institution's policy or practice, the Court asks: (1) whether there is a "valid, rational connection" between a regulation and a legitimate government interest; (2) whether alternative means of exercising a right remain open to inmates;

REPORT AND RECOMMENDATION
PAGE - 4

(3) whether accommodating the asserted constitutional right would significantly impact guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). *Pierce v. County of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008) (quoting and applying factors in *Turner v. Safley*, 482 U.S. 78, 89-90 (1987), to claims of a pretrial detainee).

Plaintiff attaches a grievance to his complaint addressing the decision to deny him a shower. The response to the grievance states Rizk offered plaintiff recreation time "and when he directed [plaintiff] to put on [his] uniform shirt and present [his] wrists for cuffing [plaintiff] refused." (Dkt. 5-2 at 2.) The response further states: "Follow all staff directives and you won't lose rec time." (*Id*.) Plaintiff concedes he "refused to wear his jail issued clothing for the purpose of the cell search[,]" but was "otherwise willing to cooperate with the cell search." (Dkt. 5 at 2.) It is apparent from the grievance response the requirement to present in a jail-issued uniform and thereafter present wrists for cuffing are safety-related practices and therefore rationally related to a legitimate governmental objective. Nor do they appear excessive in relation to that objective. Likewise, in the face of an inmate's refusal to comply with policies and practices, the jail has a legitimate interest in maintaining security and preserving internal order and discipline. Plaintiff admittedly refused to comply with the jail's procedures, resulting in the loss of opportunities to shower. While he may have preferred to remain in different clothing, his choice to do so and to lose his opportunity for a shower does not amount to a violation of his constitutional rights.

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff would have to abandon the claim asserted and allege an entirely new cause of action based on an entirely new set of facts in order

REPORT AND RECOMMENDATION
PAGE - 5

to proceed with this case.  This is more than the rule of liberally granting leave to amend requires.

Accordingly, the Court concludes plaintiff should not be granted leave to amend.  If, however,

plaintiff believes he can cure these defects by amendment, he may submit an amended complaint

with his objections, if any, to this Report and Recommendation.

### CONCLUSION

For the reasons discussed above, the Court recommends plaintiff's proposed complaint

(Dkt. 5) be DISMISSED with prejudice for failure to state a claim on which relief may be granted

under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court further recommends this dismissal be **counted as**

**a strike under 28 U.S.C. § 1915(g)**.  A proposed Order accompanies this Report and

Recommendation.

### OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed.  Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed.  Responses to objections may be filed within

**fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **July 5, 2019**.

DATED this 10th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6